25CA0067 Peo v Churchill 08-06-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA0067
City and County of Denver District Court No. 15CR6924
Honorable Nikea T. Bland, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Frank Churchill,

Defendant-Appellant.

ORDER AFFIRMED

Division V
Opinion by JUDGE LIPINSKY
Yun and Schutz, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced August 6, 2026

Philip J. Weiser, Attorney General, Brian M. Lanni, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Lindsey Parlin, Alternate Defense Counsel, Denver, Colorado, for Appellant

¶ 1     Frank Churchill appeals the postconviction court's order denying his Crim. P. 35(c) motion without a hearing.  We affirm.

## I.     Background

¶ 2     In 2015, Churchill was charged with first degree murder.  He pleaded not guilty and gave notice of his intent to introduce expert testimony regarding his mental condition under section 16-8-107(3)(b), C.R.S. 2025.  A court-ordered evaluation concluded that Churchill was competent to stand trial and that at the time of the offense he was not experiencing symptoms of a serious mental illness that would meet the criteria for a mental disease or defect.  Trial counsel requested a second mental condition evaluation, which the trial court granted.

¶ 3     Churchill's counsel argued that the defense was not required to produce to the prosecution any materials relating to a second evaluation unless and until the defense endorsed as an expert the medical professional who performed the examination.  The prosecution objected, citing section 16-8-108(2), C.R.S. 2025, which provides that "[a] copy of any report of examination of the defendant made at the instance of the defense shall be furnished to the prosecution."  The court agreed, citing section 16-8-103.6(2), C.R.S.

2025's language that "[t]he court shall order both the prosecutor and the defendant to exchange the names, addresses, reports, and statements of any physician or psychologist who has examined or treated the defendant for the mental condition."

¶ 4      Trial counsel subsequently abandoned the request for a second evaluation and instead pursued a self-defense theory at trial.  The trial court instructed the jury on first degree murder and second degree murder, as well as self-defense and self-induced intoxication.  In her closing, trial counsel primarily asserted that Churchill acted in self-defense and asked the jury to acquit him of all charges.  The jury convicted him of first degree murder.

¶ 5      Churchill appealed the judgment of conviction, arguing that the prosecution failed to present sufficient evidence to prove beyond a reasonable doubt that he caused the victim's death after deliberation.  A division of this court affirmed.  *People v. Churchill*, (Colo. App. No. 19CA0341, Sep. 9, 2021) (not published pursuant to C.A.R. 35(e)).

¶ 6      Churchill then filed a timely pro se Crim. P. 35(c) motion.  The postconviction court appointed counsel, who filed a supplemental motion.  In the motion, postconviction counsel argued that

2

Churchill's trial counsel was ineffective by, among other omissions, failing to obtain a private evaluation of Churchill's mental health before "enter[ing] a plea and rais[ing] mental condition" and failing to move forward with the second mental health evaluation that the court had ordered. The postconviction court summarily denied the motion.

## II.  Discussion

### A.  Legal Principles and Standard of Review

¶ 7    To state a claim for ineffective assistance of counsel, a defendant must allege facts that — if proved at a hearing — would be sufficient to show that (1) trial counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *Dunlap v. People*, 173 P.3d 1054, 1062 (Colo. 2007) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Under the first prong of the test, the defendant must identify counsel's acts or omissions that "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Under the second prong, "the defendant must assert facts that, if true, show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *People v. Timoshchuk,*

3

2018 COA 153, ¶ 22, 457 P.3d 684, 689. "Reasonable probability means a probability sufficient to undermine confidence in the outcome." *Id.*

¶ 8    In determining whether trial counsel's performance was deficient, we must evaluate the representation "from counsel's perspective at the time the representation occurred, ignoring 'the distorting effects of hindsight.'" *Davis v. People*, 871 P.2d 769, 772 (Colo. 1994) (quoting *Strickland*, 466 U.S. at 689). Additionally, we must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

¶ 9    A postconviction court may deny a Crim. P. 35(c) motion without a hearing if the motion, files, and record in the case clearly establish that the allegations in the defendant's motion do not warrant postconviction relief. *Ardolino v. People*, 69 P.3d 73, 77 (Colo. 2003); *see* Crim. P. 35(c)(3)(IV). Thus, a court may deny the motion without a hearing if, for example, the record refutes the claims, the allegations are bare or conclusory, or the allegations, even if true, fail to satisfy either *Strickland* prong. *People v. Phipps*, 2016 COA 190M, ¶ 19, 411 P.3d 1157, 1162.

4

¶ 10    We review de novo the denial of a Crim. P. 35(c) claim without a hearing. *People v. Cali*, 2020 CO 20, ¶ 14, 459 P.3d 516, 519.

## B.    Analysis

¶ 11    Churchill's appeal focuses on his argument that trial counsel was ineffective for failing to hire an expert to present testimony regarding his inability to form the required mental state to support his conviction. We disagree.

¶ 12    Even assuming that Churchill could demonstrate that his counsel's failure to hire an expert constituted deficient performance, this claim fails under *Strickland*'s prejudice prong because it is speculative. "[W]hen the evidence only provides speculative proof of prejudice," a defendant's ineffective assistance claim fails. *People v. Finney*, 2012 COA 38, ¶ 66, 328 P.3d 205, 218, *aff'd*, 2014 CO 38, 325 P.3d 1044.

¶ 13    Churchill speculates that an expert could have educated the jury on how his substance use and mental health issues could have precluded him from forming the requisite intent. But Churchill does not identify an expert who would have provided this testimony. Further, such expert's testimony would not have been admissible because the defense did not proceed with a section 16-8-106, C.R.S.

2025, examination for confidentiality reasons. When, as here, a defendant does not plead not guilty by reason of insanity, the defense may introduce expert testimony concerning the defendant's mental condition only if the defendant underwent "a court-ordered examination pursuant to section 16-8-106." § 16-8-107(3)(b). And on appeal, Churchill does not contend that he would have complied with section 16-8-107(3)(b) by submitting to an examination the results of which would have been shared with the prosecution.

¶ 14     Churchill further argues that trial counsel was ineffective for not pursuing the second mental capacity evaluation because the first evaluation was "woefully inadequate." But he does not offer specific allegations to show that a second evaluation would have yielded a different result; indeed, he concedes that "it is unknown what the results of such an examination would have been." *See People v. Venzor*, 121 P.3d 260, 262 (Colo. App. 2005) ("[I]f the claims are bare and conclusory in nature, and lack supporting factual allegations, the motion may . . . be denied without a hearing."). Churchill thus provided no evidence to challenge the mental capacity evaluator's finding that at the time of the offense he

6

was not experiencing symptoms of a serious mental illness that would meet the criteria for a mental disease or defect.

¶ 15    In addition, the record refutes Churchill's claim that trial counsel "was uninformed" because counsel failed to fully investigate his mental condition. *See Duran*, ¶ 15, 569 P.3d at 904.  In the supplemental Crim. P. 35(c) motion, Churchill conceded that trial counsel investigated his mental condition, by (1) reviewing Churchill's mental health conditions with him during their first meeting; (2) speaking with two of his sisters, who discussed his "mental health issues," "psych medications," and "diagnoses"; and (3) obtaining his mental health records from the Mental Health Center of Denver.  Based on this investigation and the results of the first mental condition evaluation, trial counsel decided not to pursue the second evaluation and instead advanced a self-defense theory.  *See Ardolino*, 69 P.3d at 76 ("Strategic choices made after thorough investigation of the law and facts relevant to plausible options are virtually unchallengeable.").

¶ 16    In sum, because Churchill's allegations are bare and conclusory, the postconviction court did not err by denying his motion without a hearing.  *See Duran*, ¶ 15, 569 P.3d at 904.

### III. Disposition

¶ 17    The order is affirmed.

JUDGE YUN and JUDGE SCHUTZ concur.